**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Kay Schwartz, | No. CV-20-01049-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Pamela Kay Schwartz's Application for Disability Insurance Benefits by the Social Security Administration under the Social Security Act. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 22, Pl.'s Br.), Defendant Social Security Administration Commissioner's Response Brief (Doc. 29, Def.'s Br.), and Plaintiff's Reply Brief (Doc. 30, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 16, R.) and now reverses the Administrative Law Judge's (ALJ) decision (R. at 14–33) as upheld by the Appeals Council (R. at 1–4).

**I.    BACKGROUND**

Plaintiff filed her application for Disability Insurance Benefits on January 13, 2016 for a period of disability beginning on January 10, 2012.[1] (R. at 15, 376.) On February 6, 2019 ALJ Sheldon P. Zisook denied Plaintiff's claims but the Appeals Council vacated his decision and remanded Plaintiff's case for a new hearing. (R. at 373-394.) On September 5,

---

[1] Plaintiff was previously found not disabled in two final decisions by Administrative Law Judges ("ALJ") dated February 9, 2012 and May 26, 2015. (R. at 15.)

2019, Plaintiff appeared before ALJ Patricia A. Bucci for a hearing regarding her claim. (R. at 15.) On September 23, 2019, ALJ Bucci denied Plaintiff's claims, and on March 31, 2020, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision. (R. at 1.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: diabetes mellitus, obesity, degenerative disc disease, congenital anomaly of the spine, mild arthritis of the hips and hands, liver cirrhosis, mood disorder, bipolar disorder, personality disorder, and posttraumatic stress disorder. (R. at 18.)

After reviewing the medical evidence and testimony, the ALJ concluded that Plaintiff is not disabled. Specifically, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (R. at 20.) The ALJ also determined Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b). (R. at 22.) The ALJ found that Plaintiff can perform "light work . . . specifically [she] can engage in lifting or carrying no more than 20 pounds occasionally and 10 pounds frequently; standing or walking for six hours in an eight-hour workday; and sitting for six hours in an eight-hour workday. [She] can engage in occasional climbing ramps or stairs, balancing, stooping, crouching , kneeling, and crawling… [and] can frequently handle bilaterally." In addition, she can "have occasional exposure to excessive vibration, pulmonary irritants… poorly ventilated areas, dangerous machinery…. And unprotected heights." Finally, she "can work with occasional routine changes in the work environment; occasional in person interaction with the public; and occasional interaction with coworkers; but no working in tandem with coworkers, or sales work with the public." (R. at 22.) The ALJ concluded that although Plaintiff cannot

perform her past relevant work, she can perform a significant number of jobs that exist in the national economy. (R. at 32-33.)

## II.     LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four.

*Id.* At step four, the ALJ assesses the claimant's residual functional capacity (RFC) and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III.  ANALYSIS

Plaintiff raises three arguments for the Court's consideration. (Pl.'s Br. at 16-29.) First, Plaintiff argues that the ALJ erred by giving little weight to the opinions of Dr. Manzanares and Nurse Practitioner ("NP") Moore, Plaintiff's treating physician and treating Nurse Practitioner. (Pl.'s Br. at 18.) Second, Plaintiff argues that the ALJ erred by improperly rejecting her symptom testimony. (Pl. Br. at 22.) Finally, Plaintiff argues that the ALJ erred by not considering whether Plaintiff is disabled per se under Listing 1.04 (disorders of the spine). (Pl. Br. at 28.)

### A.  The ALJ Erred in Giving Little Weight to Treating Physician Dr. Manzanares's and NP Moore's Opinions.

#### 1.  Dr. Manzanares

Plaintiff argues that the ALJ erred in assigning little weight to Dr. Manzanares's opinion. (Pl.'s Br. at 18.) The Court agrees.

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who did not treat the claimant." *Id.*

Given this hierarchy and a treating physician's position at the top if it, if the treating physician's evidence is controverted by a nontreating or nonexamining physician, the ALJ may disregard it only after "setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). "The ALJ can meet this burden only by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *see also Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."). Normally, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of . . . a treating physician." *Lester*, 81 F.3d at 831.

Dr. Manzanares found that Plaintiff can rarely lift any weight up to and above 5 pounds and only can sit for up to 2 hours in thirty-minute intervals in an 8-hour workday. (R. at 29, 1523.) Dr. Manzanares further opined that Plaintiff could stand and walk for up to 2 hours in fifteen-minute intervals throughout an 8-hour workday. (R. at 29, 1523.) Finally, he found that Plaintiff was severely limited in her ability to stoop, squat, push, pull, and perform other similar movements as well as completely restricted from unprotected heights, marked changes in temperature, and exposure to dust, fumes, and gas. (R. at 29, 1524.)

The ALJ assigned little weight to Dr. Manzanares's opinion because it was "simply unsupported by the objective evidence." (R. at 28.) However, the ALJ failed to support this finding with any specific evidence from the Record. Instead, she provided one combined citation to 24 exhibits – Exhibits C5F, C6F, C9F, C11F through C13F, C16F, and C18F-34F – that she had summarized earlier in the opinion. The exhibits total over one thousand pages. (R. at 29.) Such citation lacks the required specificity to allow the Court to determine what evidence the ALJ relied upon for her decision to give little weight to Dr. Manzanares's opinion. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (finding the ALJ "errs

when he rejects a medical opinion or assigns it little weight [by] criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."); *Rohrbach v. Commissioner of the Social Security Administration*, No. 17-CV-08119-JJT, 2019 WL 668351, at *3 (D. Ariz. Feb. 19, 2019) (finding remand necessary where it was unclear what evidence the ALJ relied on because the ALJ cited generally to "the evidence of record, as discussed herein," and "the record overall."); *Padilla v. Comm'r. of Soc. Sec.*, No. CV-17-02737-PHX-BSB, 2018 WL 4770807 at *6 (D. Ariz. Oct. 3, 2018) (finding that "[e]ven if the record includes limited objective evidence and treatment evidence, the ALJ still failed to connect that evidence, or lack of evidence, to her rejection of any particular limitation that [the treating physician] identified"). Defendant argues that the ALJ properly cited specific evidence that contradicted Dr. Manzanares's opinion. (Def. Resp. at 24-25.) However, Defendant cites to the over thousand pages of exhibits previously referenced. (Def. Resp. at 24-25.) Defendant does eventually point to specific portions of the Record that support the ALJ's findings, but the ALJ did not provide many these specific citations in her opinion. (Def. Resp. at 25-26.) Such *post hoc* rationalizations of the ALJ's conclusion are improper. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th. Cir. 2009.) (Court review is limited to "the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.")

The ALJ's additional reasons for giving little weight to Dr. Manzanares's opinion fail as well. The ALJ cited Plaintiff's "own purported activities of daily living, including involvement in her church." (R. at 29.) While the ALJ does specify "church" as one of the daily activities, she provides no explanation as to why attending church once per week is inconsistent with Dr. Manzanares's findings. The ALJ further based her decision on Dr. Manzanares's opinion being a checklist opinion that was an accommodation to Plaintiff. (R. at 29.) However, as acknowledged by Defendant, this basis for giving less weight to Dr. Manzanares's opinion necessarily relied upon the ALJ's deficient reasoning regarding the medical evidence. (Def. Br. at 25.)

For the same reason, the ALJ erred giving little weight to Dr. Manzanares's opinion on Plaintiff's mental health. Dr. Manzanares opined that Plaintiff has "certain limitations regarding paranoia, depression, and coping with daily stressors…" (R. at 30.) The ALJ again gives the opinion little weight, finding that the "opinion is not consistent with or supported by the objective medical evidence in the record as a whole" but merely provides one combined citation of 5 exhibits in support. The ALJ correctly asserts that Mr. Manzanares is not a mental health professional. (R. at 30.) But without specific medical evidence, the Court finds that this is not enough to warrant giving his opinion less weight.

### 2. NP Moore

Likewise, the ALJ erred giving little weight to NP Moore's opinion. NP Moore found that Plaintiff has "moderate-to-extreme mental limitations" causing her to be off task more than 30% of the day and perform full time less than 50% of the time. (R. at 30.) The ALJ once again supports her finding of inconsistency with the medical evidence with a bulk citation to six exhibits. (R. at 30.) Defendant provides an improper *post hoc* rationalization by pointing to specific evidence in the Record, but such effort is futile where the ALJ did not cite the evidence herself. (Def. Resp. at 27-28.) *Bray*, 554 F.3d at 1225-26. Therefore, the ALJ erred giving little weight to NP Moore's opinion. Accordingly, the Court shall remand to allow the ALJ to properly consider Dr. Manzanares's and NP Moore's opinions.

### B. The ALJ Erred Rejecting Plaintiff's Symptom Testimony.

Plaintiff argues that the ALJ erred in her consideration of Plaintiff's symptom testimony (Pl.'s Br. at 19-25), and the Court agrees. At the hearing, Plaintiff testified to various functional limitations due to her physical and mental impairments as well as intermittent homelessness. (R. at 23-24.) Plaintiff testified regarding her hip and nerve damage, lower back pain and weakness extending from the middle of her spine to her toes, hernia issues, daily stomach pain, and hand pain due to her fingers locking. She also

testified to PTSD, depression, as well as memory loss and concentration difficulties that cause her to be confused and not know her whereabouts. (R. at 23-24.) Plaintiff further testified that these ailments prevent her from starting and finishing tasks as well as make her irritable and difficult to be around. Finally, Plaintiff testified that she cannot stand without a walker for more than 3 minutes or walk without one for more than twenty minutes. (R. at 24.)

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

"In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). But the ALJ may properly consider that the medical record lacks evidence to support certain symptom testimony. *Id.* at 681. Additionally, if the ALJ rejects a Plaintiff's symptom testimony for a single permissible purpose, then the ALJ's errant rejection of the testimony for other additional reasons is harmless. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

The ALJ found that Plaintiff's testimony satisfied the first step but at the second step, her "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the

record." (R. at 24.) Specifically, the ALJ rejected Plaintiff's symptom testimony because (1) the objective medical findings were "largely unremarkable" and (2) her symptoms improved or were controlled with conservative treatment modalities. (R. at 24.)

Here, the ALJ erred by not specifying the portions of Plaintiff's testimony that were inconsistent with the medical evidence. With one exception, the ALJ merely summarized Plaintiff's testimony on her symptoms and then summarized the medical evidence without making any express connection to Plaintiff's testimony. This is both insufficient and contrary to the Ninth Circuit's instructions. *See Smolen*, 80 F.3d at 1284 (9th Cir. 1996) ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."); *Garrison*, 759 F.3d at 1014; s*ee also Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) (ALJ erred where it "did not elaborate on which daily activities conflicted with which part of claimant's testimony."). Simply stating that the medical findings were "largely unremarkable" without connecting them to specific testimony is not a clear and convincing reason to discount Plaintiff's symptom testimony.

The ALJ proffered significant medical evidence. In certain instances – such as the ALJ's summary of evidence showing treatment helped Plaintiff's PTSD – it is clear what testimony the ALJ found lacking without a need for the ALJ to specify. But otherwise, it was unclear what testimony the ALJ found contrary to the medical evidence. Notably, a significant portion of the ALJ's summary of the medical evidence supports Plaintiff's testimony. Defendant correctly argues that it is the ALJ's province to weigh such contradictory evidence and determine whether it supports Plaintiff's testimony. (Def.'s Br. at 22.) But after weighing the evidence, the ALJ must specify the testimony that she rejects. *See Nelson v. Commr. of Soc. Sec. Admin.*, No. CV-19-08027-PCT-JZB, 2020 WL 1510332, at *3 (D. Ariz. Mar. 30, 2020) ("Indeed, this Court has repeatedly rejected ALJ rationale that discussed medical evidence but provided no connection between that discussion and rejection of claimants' symptom testimony.") Because the ALJ failed to take this step, the Court must remand this matter for further administrative proceedings.

     **C.**    **The ALJ Erred by Not Considering Whether Plaintiff was Disabled per se due to Degenerative Disc Disease Under Listing 1.04.**

Plaintiff argues that the ALJ erred by failing to consider whether lumbar degenerative disc disease qualified as a listed impairment under Listing 1.04. (Pl.'s Br. at 28.) When the Appeals Council remanded the case to ALJ Bucci, it stated that "the [previous ALJ] did not adequately address the nature and severity of the claimant's lumbar degenerative disc disease" and specifically instructed that "further evaluation of the nature and severity of the claimant's degenerative disc disease is warranted at step 3." (R. at 396.) At Plaintiff's hearing, her counsel requested the ALJ consider whether Plaintiffs' lumbar degenerative disease satisfied the requirements of a listed impairment pursuant to Listing 1.04. (R. at 733-34.) Defendant argues that the ALJ properly considered all medical impairments under Listing 1.04 and the Appeals Council Order did not require the ALJ to discuss the specific requirements of Listing 1.04. (Def.'s Br. at 12-13.) The Court disagrees. To comply with the Appeals Council's instruction, the ALJ needed to explain her reasoning for finding Plaintiff's disc disease did not qualify. Otherwise, it is unknown whether the ALJ followed the Appeals Council's instructions on remand.

In the alternative, Defendant cites evidence to show that Plaintiff does not qualify under 1.04. (Def.'s Br. at 13-14.) But where the ALJ did not cite such evidence, Defendant may not do so. *Bray*, 554 F.3d at 1225-26. Defendant additionally argues that any error is harmless because Plaintiff did not cite any evidence that her impairments met listing 1.04. (Def.'s Br. at 13.) This illustrates the problem with the ALJ's opinion. It does not specifically address whether Plaintiff proffered sufficient evidence that her lumbar degenerative disease qualifies her as disabled per se under Listing 1.04, so the Court cannot evaluate the issue on appeal. The ALJ's failure to properly consider whether Plaintiff's lumbar degenerative disc disease qualified under Listing 1.04 warrants remand.

     **D.**    **The Credit-as-True Does Not Apply**

Plaintiff asks that the Court apply the "credit-as-true" rule, which would result in remand of Plaintiff's case for payment of benefits rather than for further proceedings.

(Pl's Br. at 29-30.) The credit-as-true rule only applies in cases that raise "rare circumstances" which permit the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1102 (9th Cir. 2014). These rare circumstances arise when three elements are present. First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id*. at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id*. at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id*. Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id*. (citations omitted).

In this case, the ordinary remand rule, not the credit-as-true rule applies. There is sufficient evidence in the record to create evidentiary conflicts regarding Plaintiff's disability that cause uncertainty as to the outcome of the proceeding.

Accordingly, the Court will remand this matter to the ALJ for further development of the record and a disability determination.

**IT IS THEREFORE ORDERED** remanding this matter to the Social Security Administration for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and close this case.

Dated this 30th day of September, 2021.

Honorable John J. Tuchi
United States District Judge